**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **Ubiquitous Connectivity, LP,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TXU Energy Retail Company LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |

---

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

---

COMES NOW Plaintiff Ubiquitous Connectivity, LP ("Ubiquitous Connectivity") and files this Original Complaint for Patent Infringement against TXU Energy Retail Company LLC ("TXU"), and alleges as follows:

**NATURE OF THE SUIT**

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2.      Plaintiff **Ubiquitous Connectivity, LP ("Plaintiff" or "Ubiquitous Connectivity")** is a limited liability partnership with its principal place of business at 2436 Tisbury Way, Little Elm, Texas 75068, which is in the Eastern District of Texas.

3.      Defendant **TXU Energy Retail Company LLC ("Defendant" or "TXU")** is a limited liability company with its principal place of business at 1601 Bryan Street, Dallas, Texas

75201. TXU may be served via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

4.       This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over patent actions).

5.       TXU is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over TXU because it has engaged in such continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products in this State and in this District. Furthermore, upon information and belief, this Court has personal jurisdiction over TXU in this case because TXU has committed acts giving rise to Ubiquitous Connectivity's claims for patent infringement within and directed to this District.

6.       Upon information and belief, TXU has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). Thus, venue is proper in this District under 28 U.S.C. § 1400(b).

7.       Upon information and belief, TXU offers and/or provides products and services at least in McKinney, Texas, which is in the Eastern District of Texas. Moreover, upon information and belief TXU employees one or more employees who provide services to customers in the Eastern District of Texas, including one or more account executives in the Tyler area, within the Eastern District of Texas. Upon further information and belief, TXU and/or its subsidiaries or affiliated companies own one or more properties within this District.

8.      TXU represents to the public that it offers products and services in McKinney,

Texas, which is in the Eastern District of Texas:

> To learn more about the choices available in your area, just click on your city below – and we'll help you find the information you need.
>
> **Learn About these Texas Cities:**
>
> Abilene | Baytown | Carrollton | Corpus Christi | Cypress | Dallas | Galveston | Harlingen | Houston | Humble | Katy | Kingwood | Laredo | League City | Lewisville | McAllen | McKinney | Mission | Missouri City | Pearland | Richmond | San Angelo | Tomball | Victoria | Waco

**https://www.txu.com/residential/plans-offers/texas-power-in-your-area.aspx**

9.      Upon information and belief, TXU derives benefits from its presence and activities in this District at least by offering products and services to customers.

10.      Upon information and belief, TXU targets business to this District at least by offering products and services to customers and potential customers within this District. Additionally, TXU interacts in a targeted way with existing or potential customers, consumers, users, or entities within this District, including but not limited to through localized customer support, ongoing contractual relationships, and/or targeted marketing efforts.

11.      Additionally, upon information and belief, TXU has and/or continues to work with the City of McKinney, within the Eastern District of Texas, to support electric vehicle infrastructure, as reported in a 2011 press release available on TXU's website. *See* https://www.txu.com/about/press-releases/2011/20110513-txu-energy-mckinney-support-electric-vehicle-infrastructure.aspx.

## THE PATENTS AT ISSUE

12.     This cause of action asserts infringement of United States Patent No. 8,064,935 ("the '935 Patent") and United States Patent No. 9,602,655 ("the '655 Patent") (collectively, "the Asserted Patents").

13.     The '935 Patent, entitled "Ubiquitous Connectivity and Control System for Remote Locations" duly and legally issued on November 22, 2011, from U.S. Patent Application No. 11/686,993, filed on March 16, 2007, naming as inventors Charles G. Shamoon, Deborah H. Shamoon, Franklin Eugene Neal, and Michael D. Fehnel. A true and correct copy of the '935 Patent is attached hereto as **Exhibit A** and is incorporated herein by reference.

14.     The '935 Patent is a division of U.S. Patent Application No. 11/163,372, filed on October 17, 2005, which issued as U.S. Patent No. 7,257,397 and which is itself a division of U.S. Patent Application No. 11/160,006, filed on June 6, 2005, which issued as U.S. Patent No. 6,990,335. The '935 Patent further claims and is entitled to priority to Provisional Application No. 60/522,887, filed on November 18, 2004.

15.     Ubiquitous Connectivity is the owner and assignee of all rights, title, and interest in and under the '935 Patent.

16.     Ubiquitous Connectivity has standing to sue for infringement of the '935 Patent.

17.     The '655 Patent, entitled "Ubiquitous Connectivity and Control System for Remote Locations" duly and legally issued on March 21, 2017, from U.S. Patent Application No. 13/271,203, filed on October 11, 2011, naming as inventors Charles G. Shamoon, Deborah H. Shamoon, Franklin Eugene Neal, and Michael D. Fehnel. A true and correct copy of the '655 Patent is attached hereto as **Exhibit B** and is incorporated herein by reference.

18.     The '665 Patent is a continuation of U.S. Patent Application No. 11/686,993, filed

on March 16, 2007, which issued as U.S. Patent No. 8,064,935 (the above-referenced '935 Patent) and which is itself a division of U.S. Patent Application No. 11/163,372, filed on October 17, 2005, which issued as U.S. Patent No. 7,257,397 and which is itself a division of U.S. Patent Application No. 11/160,006, filed on June 6, 2005, which issued as U.S. Patent No. 6,990,335. The '655 Patent further claims and is entitled to priority to Provisional Application No. 60/522,887, filed on November 18, 2004.

19.     Ubiquitous Connectivity is the owner and assignee of all rights, title, and interest in and under the '655 Patent.

20.     Ubiquitous Connectivity has standing to sue for infringement of the '655 Patent.

21.     TXU has not obtained a license to the Asserted Patents.

22.     TXU does not have Ubiquitous Connectivity's permission to make, use, sell, offer to sell, or import products that are covered by one or more claims of the Asserted Patents.

## GENERAL ALLEGATIONS

23.     Upon information and belief, TXU offers products and services to customers in the United States, including Texas and further including the Eastern District of Texas. Among these products and services are remotely controllable smart thermostats sold and/or leased under the name iThermostat.

24.     Upon information and belief, TXU offers its customers the ability to download the TXU iThermostat app, which allows users to control their iThermostat remotely from a mobile device such as but not limited to an iPhone, iPad, or Android device.

25.     According to the description of the TXU iThermostat app on TXU's webpage:



https://www.txu.com/savings-solutions/txu-ithermostat.aspx

26.     According to the description of the TXU iThermostat app on the Applications page for Apple iPhones, the provider for the TXU iThermostat app is TXU Energy Retail Company LLC:



TXU iThermostat app description – Apple iPhone

27.     According to the description of the TXU iThermostat app on the Applications page for Apple iPhones:

## Description

The TXU iThermostat™ app allows you to control your thermostat from your iPhone® or iPad®. No need to have to go to your actual thermostat again to set your schedule or change the temperature.

Now with location-based controls, you can program settings to start and stop your heating and cooling when you are close to your home or business based on your smartphone's GPS location.  The TXU iThermostat™ app allows you to remotely adjust your thermostat's settings, or quickly put your entire home or business into energy saving "Away" mode with the tap of a button.

**TXU iThermostat app description – Apple iPhone**

28.     Upon information and belief, the iThermostat app allows users to change the settings of their iThermostat in near real-time (typically within one minute) from their mobile devices:



**TXU iThermostat app description – Apple iPhone**

Back to TopHow long does it take for changes I make on the website or mobile apps to take effect?

Changes you make to your thermostat settings from the website and mobile apps will generally be applied within one minute. Occasionally, it can take a few minutes to be applied to your thermostat due to network congestion or delays. Customers using a Lux iThermostat on battery power alone may experience a longer delay.

**https://ithermostat.txu.com/it/support/html**

29.    Upon information and belief, the iThermostat app allows users to set heating and cooling shedules for the iThermostat from their mobile devices:



**TXU iThermostat app description – Apple iPhone**


30.     Upon information and belief, the iThermostat app provides users with usage data related to the iThermostat system:



**TXU iThermostat app description – Apple iPhone**

31.     Upon information and belief, at least certain TXU iThermostat systems provided to customers also include a feature known as Radius$^{TM}$. According to TXU's website (at https://ithermostat.txu.com/it/support.html):

Back to TopWhat is Radius™ ?

Radius helps you save money and energy by automatically setting Away when your mobile device leaves an area that you define (a set distance around your location address). NOTE: This feature is currently available on iPhone and Android devices with location support.

Back to TopHow does Radius work?

Radius uses the location services built into your device to determine when you've left your location and turns on Away for your thermostat(s). For example, let's say you set a 5 mile radius. Once you've gone 5 miles from your home in any direction, Away mode will activate. On your way home, once you get within 5 miles, the app will turn Away mode off, and your normal schedule will resume.

**https://ithermostat.txu.com/it/support/html**

32.     Upon information and belief, Radius$^{TM}$ is compatible with iPhone 4 and later

---

generations of iPhone devices with location services turned on and OS 4.3 or higher and with Android devices with location services enabled.

33.     Upon information and belief, the iThermostat app allows users to set the distance from their iThermostat that will adjust the "Away mode" of the iThermostat system:



**https://ithermostat.txu.com/it/support/html**

34.     TXU has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through agents, representatives, or intermediaries, one or more claims of the Asserted Patents, including at least Claim 19 of the '935 Patent and Claim 1 of the '655 Patent by making, using, selling, offering to sell, testing, supplying, and/or having made the accused iThermostat systems.

35.     For each count of infringement listed below, Ubiquitous Connectivity incorporates and realleges the allegations contained in the preceding paragraphs above, including

these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '935 PATENT BY TXU

36.     TXU has been and is now directly infringing the '935 Patent in violation of 35 U.S.C. § 271(a) by making, causing to be made, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claim 19 of the '935 Patent, including the iThermostat smart thermostat system.

37.     As a result of TXU's infringement of the '935 Patent, Ubiquitous Connectivity has suffered and is owed monetary damages that are adequate to compensate it for said infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '655 PATENT BY TXU

38.     TXU has been and is now directly infringing the '655 Patent in violation of 35 U.S.C. § 271(a) by making, causing to be made, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claim 1 of the '655 Patent, including the iThermostat smart thermostat system.

39.     As a result of TXU's infringement of the '655 Patent, Ubiquitous Connectivity has suffered and is owed monetary damages that are adequate to compensate it for said infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

40.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ubiquitous Connectivity demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

41.     WHEREFORE, Ubiquitous Connectivity respectfully requests that this Court enter judgment in its favor and grant the following relief:

42.     A judgment that TXU has directly infringed one or more claims of the '935 Patent;

43.     A judgment that TXU has directly infringed one or more claims of the '655 Patent;

44.     A judgment and order requiring TXU to pay Ubiquitous Connectivity past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

45.     A judgment and order finding that this is an exceptional case and awarding Ubiquitous Connectivity its reasonable attorneys' fees against TXU pursuant to 35 U.S.C. § 285;

46.     A judgment and order requiring TXU to pay Ubiquitous Connectivity reasonable ongoing royalties on a going-forward basis after final judgment;

47.     A judgment and order requiring TXU to pay Ubiquitous Connectivity pre-judgment and post-judgment interest on the damages award;

48.     A judgment and order requiring TXU to pay Ubiquitous Connectivity's costs; and

49.     Such other and further relief as the Court may deem just and proper.

Dated: July 27, 2017                         Respectfully submitted,

                                        **ERIC M. ALBRITTON**
                                        STATE BAR NO. 00790215
                                        **SHAWN A. LATCHFORD**
                                        STATE BAR NO. 24066603
                                        **ALBRITTON LAW FIRM**
                                        P.O. Box 2649
                                        Longview, Texas 75606

903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com
sal@emafirm.com

**ANTHONY K. BRUSTER, OF COUNSEL**
STATE BAR NO. 24036280
**ANDREW J. WRIGHT, OF COUNSEL**
STATE BAR NO. 24063927
**ALBRITTON LAW FIRM**
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
817.251.0610 (telephone)
903.758.7397 (facsimile)
akb@emafirm.com
ajw@emafirm.com

**ATTORNEYS FOR PLAINTIFF**
**UBIQUITOUS CONNECTIVITY, LP**