## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **UBIQUITOUS CONNECTIVITY, LP,** | |
| *Plaintiff,* | **CIVIL ACTION NO. 6:17-cv-433** |
| **v.** | |
| **TXU ENERGY RETAIL COMPANY LLC,** | **PATENT CASE**<br>**JURY TRIAL DEMANDED** |
| *Defendant.* | |

## DEFENDANT TXU ENERGY RETAIL COMPANY LLC'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant TXU Energy Retail Company LLC ("TXU") files this Answer, Affirmative Defenses, and Counterclaims to Ubiquitous Connectivity, LP's ("Plaintiff" or "Ubiquitous") Complaint for Patent Infringement ("Complaint") of U.S. Patent Nos. 8,064,935 and 9,602,655 (the "Asserted Patents").[1] TXU denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

### NATURE OF THE ACTION

1.       TXU admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.  TXU denies it has committed or is committing acts of infringement and, on that basis, denies any remaining allegations in Paragraph 1 of the Complaint.

---

[1] So as to avoid any doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph and in any headings of the Complaint.

## THE PARTIES

2.      TXU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3.      TXU admits that it is a limited liability company. The correct address of TXU's principle place of business is 6555 Sierra Drive Irving Texas 75039. TXU may be served through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. TXU denies any remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      TXU admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq,* but denies it has committed or is committing acts of infringement. TXU admits that this Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271, *et seq*., 28 U.S.C. § 1331, and 28 U.S.C. § 1338, but denies any remaining allegations in Paragraph 4 of the Complaint.

5.      TXU denies that this Court has personal jurisdiction over this action. TXU denies that it has engaged in continuous, systematic, and substantial activities within this District sufficient to give rise to personal jurisdiction. TXU further denies that it has committed acts giving rise to Ubiquitous Connectivity's claims for patent infringement within and directed to this District. TXU denies any remaining allegations in Paragraph 5 of the Complaint.

6.      TXU denies that it has one or more regular and established places of business within this district under the language of 28 U.S.C. § 1400(b). TXU further denies that venue is proper in this District under 28 U.S.C. § 1400(b). TXU denies that it has committed or is committing acts of infringement and on that basis denies any remaining allegations in Paragraph 6 of the Complaint.

7.      TXU admits that it provides electricity plans in McKinney, Texas. TXU further admits that two TXU employees work from their homes in Tyler, Texas. TXU denies that it owns property within the District. TXU admits that one of its affiliates, Luminant, owns property in East Texas. TXU denies any remaining allegations in Paragraph 7 of the Complaint.

8.      TXU admits that it represents to the public that it provides electricity plans in McKinney, Texas. TXU denies any remaining allegations in Paragraph 8 of the Complaint.

9.      TXU admits that it offers electricity plans to customers in this District. TXU denies any remaining allegations in Paragraph 9 of the Complaint.

10.      TXU admits that it offers electricity plans to customers in McKinney, Texas. TXU further admits that it markets to customers in McKinney, Texas. TXU denies any remaining allegations in Paragraph 10 of the Complaint.

11.      TXU denies that it works with the City of McKinney, Texas to support electric vehicle infrastructure. TXU denies any remaining allegations in Paragraph 11 of the Complaint.

## THE PATENTS AT ISSUE

12.      TXU admits that the cause of actions purports to arise out of acts of alleged infringement of United States Patent No. 8,064,935 ("the '935 Patent") and United States Patent No. 9,602,655 ("the '655 Patent") (collectively, "the Asserted Patents"). TXU denies any remaining allegations in Paragraph 12 of the Complaint.

13.      TXU admits that the '935 Patent is entitled "Ubiquitous Connectivity and Control System for Remote Locations" and that its named inventors are Charles G. Shamoon, Deborah H. Shamoon, Franklin Eugene Neal, and Michael D. Fehnel. Exhibit A appears to be a copy of the '935 patent. TXU denies that the '935 was duly and legally issued by the United States Patent and Trademark Office. TXU is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14.     TXU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.     TXU denies the allegations in Paragraph 15 of the Complaint.

16.     TXU denies the allegations in Paragraph 16 of the Complaint.

17.     TXU admits that the '655 Patent is entitled "Ubiquitous Connectivity and Control System for Remote Locations" and that its named inventors are Charles G. Shamoon, Deborah H. Shamoon, Franklin Eugene Neal, and Michael D. Fehnel. Exhibit A appears to be a copy of the '935 patent. TXU denies that the '655 was duly and legally issued by the United States Patent and Trademark Office. TXU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18.     TXU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     TXU denies the allegations in Paragraph 19 of the Complaint.

20.     TXU denies the allegations in Paragraph 20 of the Complaint.

21.     TXU does not infringe the Asserted Patents, and has not obtained a license to the Asserted Patents.

22.     TXU denies the allegations in Paragraph 22 of the Complaint.

## GENERAL ALLEGATIONS

23.     TXU admits that it offers products and services to customers in certain regions of Texas. TXU admits that it provides remotely controllable smart thermostats under the name

iThermostat. TXU denies any remaining allegations in 23 of the Complaint.

24.     TXU admits that some of its customers can download the TXU iThermostat companion app, which allows users to control some aspects of their iThermostat remotely from mobile devices. TXU denies any remaining allegations in 24 of the Complaint

25.     TXU admits that the screenshot in Paragraph 25 is from its website located at https://www.txu.com/savings-solutions/txu-ithermostat.aspx.     TXU     denies     any     remaining allegations in Paragraph 25 of the Complaint.

26.     TXU admits that it is the provider of the TXU iThermostat app for Apple devices. TXU denies any remaining allegations in Paragraph 26 of the Complaint.

27.     TXU admits that the screenshot in Paragraph 27 is from the Apple Store app description of the TXU iThermostat app. TXU denies any remaining allegations in Paragraph 27 of the Complaint.

28.     TXU admits that the TXU iThermostat app allows users to change some settings of their iThermostat device from their mobile devices. TXU denies any remaining allegations in Paragraph 28 of the Complaint.

29.     TXU admits that the TXU iThermostat app allows users to set heating and cooling schedules for the iThermostat from their mobile devices. TXU denies any remaining allegations in Paragraph 29 of the Complaint.

30.     TXU admits that the TXU iThermostat app can provide users with some data related to the iThermostat system. TXU denies any remaining allegations in Paragraph 30 of the Complaint.

31.     TXU admits that certain iThermostat systems include a feature known as Radius™ and that the screenshot in Paragraph 31 was available at https://ithermostat.txu.com/it/support.html

TXU denies any remaining allegations in Paragraph 31 of the Complaint.

32.     TXU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies all such allegations.

33.     TXU admits that the iThermostat app allows users to set the distance from their iThermostat that will adjust the "Away mode" of the iThermostat system. TXU denies any remaining allegations in Paragraph 33 of the Complaint.

34.     TXU denies the allegations in Paragraph 34 of the Complaint.

35.     TXU denies the allegations in Paragraph 35 of the Complaint.

**COUNT I**
**ALLEGED INFRINGEMENT OF THE '935 PATENT BY TXU**

36.     TXU denies the allegations in Paragraph 36 of the Complaint.

37.     TXU denies the allegations in Paragraph 37 of the Complaint.

**COUNT II**
**ALLEGED INFRINGEMENT OF THE '655 PATENT BY TXU**

38.     TXU denies the allegations in Paragraph 38 of the Complaint.

39.     TXU denies the allegations in Paragraph 39 of the Complaint.

**JURY DEMAND**

40.     Plaintiff's request for a trial by jury does not require a response from TXU.

**PRAYER FOR RELIEF**

Defendant denies the Plaintiff is entitled to any relief from TXU and denies all the allegations contained in Paragraphs 41-47 of Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

48.     TXU has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE

49.     Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

50.     To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the Asserted Patents, Defendant is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

51.     To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

52.     Plaintiff's attempted enforcement of the Asserted Patents against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

53.     The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

54.     The Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE

55.     To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

56.     Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101.

## TENTH AFFIRMATIVE DEFENSE

57.     Plaintiff lacks standing to assert infringement of the Asserted Patents because it did not have sufficient rights in the Asserted Patents at the time the suit was filed.

## ELEVENTH AFFIRMATIVE DEFENSE

58.     Plaintiff has failed to name or join an indispensable party or parties to the present action, including but not limited to certain persons or entities who may have an ownership interest in the Asserted Patents.

## TWELFTH AFFIRMATIVE DEFENSE

59.     Plaintiff fails to state a claim upon which relief can be granted including but not limited to, because its complaint fails to meet the standard for pleading set forth by the Supreme

Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## THIRTEENTH AFFIRMATIVE DEFENSE

60.     Venue is improper in this judicial district pursuant to 28 U.S.C. § 1400(b).

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

61.     TXU reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or may exist in the future based on discovery and further investigation in this case.

Dated:  October 5, 2017

Respectfully submitted,

FISH & RICHARDSON P.C.


By: */s/ David B. Conrad*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Ricardo J. Bonilla
    rbonilla@fr.com
    Texas Bar No. 24082704
    Michael R. Ellis
    ellis@fr.com
    Texas Bar No. 24102726

    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 - Telephone
    (214) 747-2091 – Facsimile

**ATTORNEYS FOR DEFENDANT
TXU ENERGY RETAIL COMPANY LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 5, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


<u>*/s/ Michael R. Ellis*</u>
Michael R. Ellis